## ISAAC J. KETCHAM

*v.*

## SERVETUS M. THORP.

INTEREST—*on money collected by an attorney.* Where an attorney collects money for his client and tenders him an insufficient amount after deducting his fees, interest may be allowed against the attorney on the sum due from him, to the time of the verdict.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. I. L. MORRISON, for the appellant.

Mr. E. H. PALMER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, brought by Thorp, against Ketcham, for the recovery of money collected, wherein the plaintiff recovered a verdict and judgment for $873.30, and the defendant appealed.

On the 15th day of March, 1871, Thorp placed in the hands of Mr. Ketcham for collection a note in favor of Thorp against Daniel Waldo, of the date of February 4, 1861, for the sum of $450, payable with interest at the rate of ten per cent from date. Nothing had been paid on the note and Waldo was reputed insolvent.

Judgment was obtained upon the note December 23, 1873, for $1023.75. Mr. Ketcham having succeeded in the collection of the amount of the judgment on execution, on June 24, 1876, made a tender to Thorp of the sum of $630 as the amount coming to him from the collection, which Thorp refused to receive, and afterward brought this suit to recover the money collected. The only controversy is as to the amount of attorney's fees.

The defendant claimed, on the trial, that there was a contract made at the time the note was left with him that his fees as attorney were to be made out of the note, and that he was to have the interest upon the note for his services. Proof was likewise made that in a case of this character, half the amount collected would be no more than a reasonable fee.

There was a conflict in the testimony as to the terms upon which the note was left for collection, and the finding of the jury either way, as to whether or not defendant was to have the interest for the collection, there would not be sufficient reason to disturb.

Upon a careful examination of the testimony we are of opinion that the verdict does not leave in the hands of the

defendant an amount equal to the interest on the note or to one-half· of the sum collected.

We are satisfied, from the evidence, that the amount of the tender made was not sufficient, so that there might rightly have been an allowance of interest to plaintiff to the time of the verdict.

Although the evidence, in our judgment, would have justified a larger allowance than has been made to the defendant, yet we think he has been given a quite liberal compensation, and that there is not cause sufficient for an interference with the verdict of the jury.

We find no substantial cause of complaint in respect of instructions.

The judgment will be affirmed.

*Judgment affirmed.*